[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13803

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHAUNTAVUS BERKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00048-TPB-NPM-1

_____

_____

No. 22-13804

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHAUNTAVUS BERKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00104-TPB-KCD-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Shauntavus Berklin appeals his 180–month total sentence following his convictions for knowingly possessing a firearm as a convicted felon and knowingly and intentionally distributing a

controlled substance.  He argues that his total sentence was unreasonable because the district court varied upward from his applicable guideline range without sufficiently factoring in his individual characteristics, disproportionately weighed the fact that he committed the instant offenses shortly after being released from a prior term of imprisonment, did not properly weigh the various 18 U.S.C. § 3553(a) factors, and sentenced his codefendant to a shorter term of imprisonment.[1]

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The appellant has the burden of proving that the "sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). "[A] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

In reviewing a sentence for reasonableness, we first consider whether the district court committed any significant procedural

---

[1] Berklin initially appealed the determination of his offense level as well.  The Government successfully moved to dismiss that portion of his appeal based on appeal waivers.

error and next consider whether the sentence was substantively reasonable. *Gall*, 552 U.S. at 51.

Section 3553(c) requires that "[t]he sentencing judge . . . set forth [sufficient reasoning] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

We will measure substantive reasonableness by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We will only vacate a defendant's sentence as unreasonable if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the

§ 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (quoting *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009)).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will not second guess the weight that the district court gave to a § 3553(a) factor so long as the sentence is reasonable in light of all the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). In fact, a district court is permitted to attach great weight to one § 3553(a) factor over others. *Overstreet*, 713 F.3d at 638.

Here, the district court did not abuse its discretion because Berklin's total sentence was reasonable. First, the district court did not commit a procedural error. Specifically, there is no indication that the court here failed to afford consideration to any relevant factor that was due significant weight, that it gave significant weight to an improper or irrelevant factor, or that it committed a clear error of judgment in considering the proper factors. *Irey*, 612 F.3d at 1189.

Second, Berklin's total sentence was substantively reasonable. The district court sufficiently explained the reasons it believed an upward variance was warranted, noting that it considered the § 3553(a) factors and determined that Berklin's total sentence was sufficient but not greater than necessary. It expressed concern for the danger involved with his instant offenses, including the fact that

he was involved in a high-speed car chase in 2021, possessed fentanyl, which was a dangerous drug, and held people at gunpoint during a home invasion in 2020. It also emphasized his consistent track record of offending and reoffending, which demonstrated that he presented a danger to the public and did not care about complying with the law. 18 U.S.C. § 3553(a)(1), (2)(C). Although the court sentenced him above his applicable guideline range, it also indicated that it would have imposed a longer sentence if he had not pled guilty, demonstrating that his plea agreement beneficially affected his total sentence. The court also recognized his substance-abuse history when explaining his total sentence. Further, the court was not bound to the government's request to sentence him within his applicable guideline range.

Lastly, Berklin's argument that his co-defendant's sentence was disproportionate to his own is factually and legally unsupported, regardless of the standard of review. Berklin's PSI showed that Thurman was convicted of only 1 count, unlike Berklin, who pled guilty to 4 counts, and Thurman received a 10–year sentence, which, according to the district court, was the statutory maximum he faced by law. Thus, despite Thurman receiving a sentence 60 months less than that of Berklin, there was no indication that the disparity in their sentences was unwarranted. *See* 18 U.S.C. § 3553(a)(6).

Therefore, the district court did not make "a clear error of judgment in weighing the § 3553(a) factors," and thus Berklin's total sentence was reasonable.

22-13803                Opinion of the Court                7

**AFFIRMED**.